No. 28,688.

MAY WAIT, *Appellee,* v. C. A. MORRISON et al., *Defendants;*
BEMENT OIL CORPORATION, *Appellant.*

(281 Pac. 906.)

Opinion filed
November 9, 1929.

*J. B. McKay,* of El Dorado, for the appellant.
*W. N. Calkins* and *Charles W. Steiger,* both of El Dorado, for the appellee.

The opinion of the court was delivered by . .

MARSHALL, J.:  The plaintiff sued the Bement Oil Corporation and C. A. Morrison, alleged to be its agent, for damages sustained by the plaintiff in a collision between an automobile driven by her and one driven by C. A. Morrison while engaged in the business of the corporation.  The trial was without a jury.  Findings of fact were made.  Judgment was rendered in favor of the plaintiff, and the Bement Oil Corporation appeals.

■ The appellant attacks the jurisdiction of the court to render judgment against it and bases that attack on what it contends was an improper service of summons on it.  The Bement Oil Corporation was organized under the laws of the state of Indiana and was admitted to do business as a foreign corporation in the state of Kansas on September 8, 1925.  The accident in which the plaintiff was injured occurred on April 1, 1925.  The service of summons was made on November 28, 1925, through delivery to the secretary of state on that day.  The appellant contends that because the cause of action arose at the time the injury occurred and consent to service had not then been given, no service of summons in the action could be had on it on the consent afterward filed.

Section 17-501 of the Revised Statutes, under which the service of summons was made, in part, reads:

"Any corporation organized under the laws of any other state, territory, or foreign country, and seeking to do business in this state, shall make application to the state charter board, upon blank forms supplied by the secretary of state, for authority to engage in business in this state as a foreign corporation. Such application shall set forth. . . . The written consent of the corporation, irrevocable, that actions may be commenced against it in the proper court of any county in this state in which a cause of action may arise or in which the plaintiff may reside by the service of process on the secretary of state, and stipulating and agreeing that such service shall be taken and held, in all courts, to be as valid and binding as if due service had been made upon the president and secretary of the corporation. . . ."

The statute is broad enough to cover any action whether the right to prosecute it had accrued before or after the defendant had complied with section 17-501. An action on a promissory note due before consent to service was given and held by a citizen of this state ought to be maintained under that statute. The statute is broad enough to embrace such an action.

■ The sixth finding of fact was as follows:

"At the time of said collision on April 1, 1925, said C. A. Morrison was an agent and representative of the Bement Oil Corporation and as such agent and representative he was at the time of said collision engaged in the business of procuring oil and gas leases for said defendant corporation and was then acting for and in its behalf."

The appellant contends that there was not sufficient evidence to establish that C. A. Morrison was the agent of the Bement Oil Corporation and acting for it at the time of the accident. One witness testified that—

"In April, 1925, Mr. Bement was president of the Bement Oil Corporation. Mr. Morrison was either vice president or secretary and treasurer of that company."

There was evidence which tended to prove that C. A. Morrison took leases to A. B. Bement, president of the Bement Oil Corporation, and to the Bement Oil Corporation; that an assignment of an oil-and-gas lease was made by C. A. Morrison, vice president of the Bement Oil Corporation, to the Vickers Petroleum Company; that a lease secured by C. A. Morrison had been released by the Bement Oil Corporation through A. B. Bement, its president; and that immediately after the accident C. A. Morrison went to a near-by landowner and negotiated with him for a lease, and during the negotiations told the landowner of the accident. That evidence

was sufficient to justify the court in finding that C. A. Morrison was the agent of the Bement Oil Corporation and was acting for it at the time the accident occurred.

The judgment is affirmed.